(No. 4341-)

LEO HALLMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 8, 1951.*

HUGH J. McCARTHY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Leo Hallman, seeks to recover from respondent under the Workmen's Compensation Act for the partial loss of use of his left arm, as the result of an accident that arose out of and in the course of his employment as a painter at the Chicago State Hospital, operated by the Department of Public Welfare.

On September 26, 1949, claimant was engaged in painting a room at said institution. While descending the ladder upon which he was working, his heel caught in one of the rungs thereof, and he fell three or four feet to the floor, landing on his left shoulder, causing a fracture of the surgical neck of the left humerus.

Claimant was temporarily and totally disabled until December 5, 1949, and during the period of his temporary total disability was paid compensation at the rate of $22.50 per week.

No jurisdictional questions are involved in this case, and the sole question to be decided is the nature and extent of the disability to his left arm.

The medical and other testimony in the record discloses that there is a marked atrophy of the shoulder

muscles, and that abduction of his left arm is limited 50 per cent, as is the motion in the acromio-humeral joint. There was a grating in his shoulder, and the shoulder joint socket was loosened, although the fracture had healed smoothly and was in good alignment. There was some limitation of motion in both internal and external rotation.

Claimant also testified that he was unable to use his left arm in overhead painting, and that since his injuries his services for respondent had been confined to supervision of painting and wall cleaning jobs, although at the same rate of pay that he had been receiving on the date of his accident. There is also testimony in the record that claimant had achieved the maximum recovery from his accident, and that the residual disability was permanent.

From the foregoing, we conclude that claimant has sustained a 35 per cent loss of use of his left arm.

On the date of his accident claimant was 52 years of age, married, and had no children under the age of 18 years dependent upon him for support. His rate of pay was $2.37½ per hour, and although he had worked for respondent for less than one year, employees engaged in similar work earned far in excess of $1,560.00 per year. Claimant's rate of compensation is, therefore, $22.50 per week.

William J. Cleary & Co., Court Reporters, Chicago, Illinois, was employed to take and transcribe the testimony at the hearing before Commissioner Tearney. Charges in the amount of $32.27 were incurred, the same being reasonable and customary. An award is entered in favor of William J. Cleary & Co. for $32.27.

An award is, therefore, entered in favor of claimant, Leo Hallman, under Section 8 (e) (13) of the Work-

men's Compensation Act for a 35 per cent loss of use of his left arm, being 78¾ weeks at $22.50.per week, or the sum of $1,771.87, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chap. 127, Sec. 180.